*Henry Guild, Ex'r, &c.* v. *Ira Peck and others.* R. W. PECKHAM, for appellant; G. W. KIRTLAND, for respondent. Application to dismisss an appeal from the sentence or decree of the surrogate of the county of Saratoga, upon the ground that such appeal had not been brought within the time allowed by the statute for appealing.

*Accounting by executors, &c. before surrogate*

THE CHANCELLOR. The statute contemplates two modes of rendering accounts before the surrogate, by executors and administrators, and of having such accounts adjusted. One of these is called the final settlement of the account. The other is more properly an adjustment of the account as between the executor or administrator, and a particular creditor or legatee for the purpose of determining their rights as between themselves, than a final settlement of the account; though the decree of the surrogate may be final as between the parties litigating the matter before him, so far as his decision professes to go.

Thus a creditor or legatee may apply to the surrogate, under the provisions of the eighteenth section of the title of the revised statutes relative to the rights and liabilities of execu

tors and administrators, (2 *R. S.* 116). And if the executor or administrator does not admit that he has sufficient in his hands to pay all the debts, in the one case, or all the debts and legacies, in the other, the surrogate must necessarily enquire and ascertain the amount of assets in the hands of the executor or administrator before he can decree payment. A similar enquiry may be necessary where a creditor who has obtained a judgment at law against the personal representative of the decedent, applies to the surrogate for leave to take out execution on such judgment. (2 *R. S.* 116 § 20, 21.) An adjustment of the account between the parties litigant is indispensable where one of the residuary legatees or next of kin applies for his distributive share of the estate; as authorised by the eighteenth section of the title of the revised statutes before referred to. And in all of these cases, if eighteen months have expired after the granting of letters testamentary or of administration, the creditor, legatee or next of kin, in his petition to the surrogate for the payment of his debt, or legacy, or his distributive share of the estate, or for leave to take out execution upon a judgment at law, may also insert a prayer that the executor, or administrator, render an account of his proceedings to the surrogate. Any creditor, legatee, or next of kin of the decedent, who has a claim against the estate, after the expiration of eighteen months, may also apply for an account of the proceedings of the executor or administrator, although he does not then seek for the immediate payment of his debt, or legacy, or distributive share of the estate; or the surrogate may, ex officio, direct such an account to be rendered to him.

But in none of these cases can there be a final settlement of the account of the executor or the administrator, within the meaning of the provisions of the revised statutes on that subject, unless the executor or administrator thinks proper to cite all the creditors, legatees and next of kin of the decedent who are not already parties to the proceedings, to attend the final settlement of his account; as he is authorised to do, either under the sixtieth or seventieth sections of the article of the revised statutes, relative to the duties of executors and

administrators in rendering an account, and in making distribution to the next of kin. (2 *R. S.* 93, 95.) Where such a citation is issued and served, or duly published, as directed by the statute, the surrogate is authorized to proceed and make a final settlement of the account of the executor or administrator, and to settle the rights of all persons having claims upon the estate as creditors, or legatees, or next of kin, so far as such rights can be ascertained, and to decree distribution of the estate accordingly; whether such creditors, legatees, or next of kin, do or do not attend before him upon such accounting.

But in those cases where the necessary steps have not been taken, by the executors or administrators, the account and the decree founded thereon is only settled so as to be binding upon those persons who were actual parties to the litigation before the surrogate; although the rights and claims of other persons incidentally came in question and were decided by the surrogate in adjusting the claims of the parties who were properly before him. And where either of the parties to such a decree, which is not upon the face of the proceedings binding and conclusive upon all the creditors, legatees and next of kin of the decedent as a final settlement of the accounts of the executor or administrator, is dissatisfied with the decision of the surrogate and wishes to appeal from such decree, or from any part thereof, he must enter his appeal, and give the bond required by law, within thirty days after such decree was made by the surrogate.

The appeal not having been brought within the time allowed by law for appealing must be dismissed; with costs to be taxed.